UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| L&W SUPPLY CORPORATION, | |
| Plaintiff, | |
| v. | No. 20 C 3265 |
| ALABASTER ASSURANCE COMPANY, LTD., | Judge Thomas M. Durkin |
| Defendant, | |
| v. | |
| CENTEX HOMES; CENTEX REAL ESTATE CORP.; and PULTE HOMES OR TEXAS, L.P., | |
| Third-Party Defendants. | |

MEMORANDUM OPINION AND ORDER

L&W Supply Corporation seeks a declaration that: (1) it is not required to reimburse its insurance company, Alabaster Assurance Company, for payments Alabaster made to an additional insured; and (2) Alabaster made those payments in bad faith. Alabaster filed a third-party complaint against the additional insured—which consists of the related entities Centex Homes, Centex Real Estate Corporation, and Pulte Homes of Texas, L.P. (together "Centex"). Centex has moved to dismiss Alabaster's third-party complaint for lack of personal jurisdiction and L&W's complaint for failure to join Centex. R. 30. The motion to dismiss is granted.

## Background

L&W supplied drywall for a Centex construction project in Texas called Vintage Townhomes. Centex is an additional insured on L&W's insurance policy with

Alabaster, covered "with respect to liability for 'bodily injury' or 'property damage' caused, in whole or in part, by [L&W's] work at the location designated and described in the schedule of this endorsement performed for [Centex]." *See* R. 1 ¶ 13. Vintage sued Centex in Texas over problems with the project, and Centex sought defense and indemnity from Alabaster under L&W's policy.

Alabaster agreed to defend Centex, while reserving all rights under the policy. Alabaster then sought reimbursement of $100,000 of the defense cost from L&W. L&W filed this case against Alabaster seeking a declaration that the policy does not require it to reimburse Alabaster and that Alabaster agreed to defend Centex in bad faith. Alabaster then filed a third-party complaint against Centex seeking a declaration that Centex is not an additional insured under the policy; that Alabaster can cease defending Centex; and that Alabaster can recoup all defense payments already made. Centex has moved to dismiss Alabaster's complaint for lack of personal jurisdiction, and by extension moved to dismiss L&W's complaint because Centex is a jurisdictionally unavailable but required party.

## Analysis

### I. Personal Jurisdiction

"A complaint need not include facts alleging personal jurisdiction. However, once the defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Purdue Research Found. v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). When the court rules on the

motion without a hearing, the plaintiff need only establish a prima facie case of personal jurisdiction. *Id.* The Court reads "the complaint liberally, in its entirety, and with every inference drawn in favor" of the plaintiff to determine whether it has set forth a prima facie case for personal jurisdiction. *Cent. States, Se. & Sw. Areas Pension Fund v. Phencorp Reinsurance Co.*, 440 F.3d 870, 877-78 (7th Cir. 2006). "[O]nce the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue*, 338 F.3d at 783.

"The primary focus of [a court's] personal jurisdiction inquiry is the defendant's relationship to the forum State." *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1779 (2017). The defendant must have "sufficient minimum contacts" with the forum State so that "maintenance of the suit [there] does not offend traditional notions of fair play and substantial justice." *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012).

Specific personal jurisdiction (as opposed to general personal jurisdiction which is not relevant here) requires: "(1) the defendant [to] have . . . purposefully directed his activities at the state; [and] (2) the alleged injury [to] have arisen from the defendant's forum-related activities." *Id.* In other words, the defendant's intentional and allegedly tortious conduct must be "expressly aimed" at the forum state "with knowledge that its effects would be felt in the forum state." *Id.* at 674-75. However, mere foreseeability that the alleged tortious conduct might cause harm to the plaintiff in the forum state because the plaintiff is located there is insufficient for

3

purposes of establishing specific jurisdiction. *See Walden v. Fiore*, 571 U.S. 277, 289 (2014) ("This approach to the 'minimum contacts' analysis impermissibly allows a plaintiff's contacts with the defendant and forum to drive the jurisdictional analysis."). Rather, there must be a "relationship among the defendant, the forum, and the litigation" that is independent of the mere fact that the plaintiff suffered harm in the forum state. *Id.* at 284.

This case is a dispute about an insurance contract and who should pay for Centex's defense according to that contract. The only jurisdictional allegation against Centex identified by Alabaster and L&W is a letter Centex sent to Illinois claiming additional insured status under the policy. L&W and Alabaster argue that this communication demonstrates that Centex "purposefully directed its activities" at Illinois. But "[o]ne mailing to an in-state resident is not enough to submit the sender to the jurisdiction of the state." *Lexington Ins. Co. v. Hotai Ins. Co., Ltd.*, 938 F.3d 874, 879 n.4 (7th Cir. 2019). Furthermore, "a contract with a forum resident is not enough, standing alone, to establish jurisdiction in that forum." *Id.* at 880.

Normally, in determining whether a contractual relationship establishes personal jurisdiction, the Court conducts "a context-sensitive analysis of the contract, examining prior negotiations, contemplated future consequences, the terms of the contract, and the parties' course of actual dealing with each other." *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 493 (7th Cir. 2014). But here there is no allegation or evidence that Centex negotiated with Alabaster or L&W regarding the policy, and the consequences and terms of the insurance contract were focused on a project in Texas.

4

And as previously discussed, the only Illinois-related jurisdictional allegation here is Centex's single communication sent to Illinois in order to claim rights under an insurance contract with Illinois residents. This is insufficient to establish a prima facie case of personal jurisdiction in Illinois. *See Crum & Forster Speciality Ins. Co. v. B&k Tech. Sols., Inc.*, 2020 WL 7129714, at *3 (C.D. Ill. Dec. 4, 2020) ("[The plaintiff insurer] issuing an insurance policy to [the defendant insured] for a leased building in Utah does not avail [the defendant insured] of [Illinois's] jurisdiction.").

Therefore, Alabaster's complaint against Centex is dismissed for lack of personal jurisdiction.

## II. Required Party

Since Alabaster's third-party complaint has been dismissed for lack of personal jurisdiction, Centex argues that L&W's complaint must also be dismissed because Centex is a required party to the case but is jurisdictionally unavailable. Federal Rule of Civil Procedure 19(a)(1)(B) provides that a required party is a person who:

> claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

"The purpose of Rule 19 is to permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources." *Askew v. Sheriff of Cook Cty.*, 568 F.3d 632, 634 (7th Cir. 2009). Federal Rule 12(b)(7) permits a party to seek dismissal of a case for failure to join a party

under Rule 19. "When evaluating a Rule 12(b)(7) motion, the Court accepts all well-pleaded allegations in the complaint as true and may consider extrinsic evidence." *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 480 n. 4 (7th Cir.2001). The movant bears the burden of demonstrating that the absent party is necessary and indispensable. *See United States v. Sullivan*, 2016 WL 1626622, at *4 (N.D. Ill. Apr. 21, 2016).

L&W argues that Centex is not a required party because L&W simply wants to avoid reimbursing Alabaster, and "the relief that L&W seeks has nothing to do with clawing back money that Alabaster has voluntarily paid to Centex." R. 47 at 6. But L&W's claim that it is not required to reimburse Alabaster is premised on a provision in the policy that requires reimbursement only for payments made in good faith. *See* R. 1 at 7 ("You must reimburse us in accordance with this endorsement for any payment we make in good faith on behalf of any person or organization insured under any policy to which this endorsement applies."). For the Court to grant the relief L&W seeks, the Court will have to find that Alabaster made the decision to defend Centex in bad faith. Such a finding is akin to finding that Centex is not entitled to a defense under the policy. Presumably, it is this reasoning that led Alabaster to file its third-party complaint to recoup its payments from Centex in the event the Court finds that Alabaster is not entitled to reimbursement from L&W. The recoupment Alabaster seeks certainly implicates Centex's interests. But even if the recoupment of past defense payments is not possible pursuant to the terms of the policy (or other legal remedy), a finding by this Court that Centex was not entitled to

6

a defense would necessarily imply a finding that Centex is not entitled to indemnity from Alabaster in the future, because the duty to defend is broader than the duty to indemnify. *See Health Care Indus. Liab. Ins. Program v. Momence Meadows Nursing Ctr., Inc.*, 566 F.3d 689, 693 (7th Cir. 2009) ("Holding that an insurer has no duty to indemnify therefore follows inexorably from holding that an insurer has no duty to defend."). The potential impairment of Centex's interest in indemnity from Alabaster means that Centex is a required party in this case. *See Hall*, 100 F.3d at 479 (*Davis Companies v. Emerald Casino, Inc.*, 268 F.3d 477, 484 (7th Cir. 2001) ("a contracting party is the paradigm of an indispensable party"); *see also U.S. ex rel. Hall v. Tribal Dev. Corp.*, 100 F.3d 476, 479 (7th Cir. 1996) ("[n]o procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable.").

As discussed, Centex cannot be joined to this case because the Court lacks personal jurisdiction over Centex. Under Rule 19(b), if "a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." The factors for the court to consider include:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and

7

> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

The Court has already discussed the potential prejudice to Centex in finding that Centex is a required party. Considering the claims at issue are for declaratory judgments, the Court does not see how the prejudice to Centex could be lessened or avoided by the form or substance of the judgment. Dismissing this case would deprive L&W of its chosen forum, but it would not deprive L&W or Alabaster of an adequate remedy. L&W and Alabaster can simply refile their claims in a Texas court that has jurisdiction over Centex.

## Conclusion

Therefore, Centex's motion to dismiss [30] is granted. Alabaster asks the Court for leave to amend its jurisdictional allegations. Alabaster has until April 1, 2021 to file a brief of no more than five pages presenting any additional facts that might establish a prima facie case of personal jurisdiction over Centex. No response should be submitted by L&W or Centex unless the Court so orders. If Alabaster is unable to establish a prima facie case of personal jurisdiction over Centex, this case will be dismissed without prejudice to refiling in a jurisdiction where Centex is amendable to suit. If Alabaster is not interested in supplementing its jurisdictional allegations before this Court, it should inform the Courtroom Deputy and the case will be dismissed forthwith. The status hearing set for April 7, 2021 is canceled.

ENTERED:

Honorable Thomas M. Durkin
United States District Judge

Dated: March 18, 2021